IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Magen Eco Energy (A.C.S) Ltd. and Pace Research Ltd. d/b/a Circupool and Discount Salt Pool<br><br>　　　　Plaintiff,<br><br>v.<br><br>Hayward Industries, Inc.<br><br>　　　　Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Plaintiff Magen Eco Energy (A.C.S) Ltd. ("Magen") seeks a declaration that the claims of United States Patent No. 10,156,081, including but not limited to claim 11, owned by Defendant Hayward Industries, Inc., ("Hayward") are invalid, not infringed, and/or otherwise unenforceable.

## PARTIES

2. Plaintiff Magen is a corporation organized under the laws of Israel having a principal place of business at Kibbutz Magen Hanegev 8546500 Israel. Plaintiff is a world leader in the R&D, production, and marketing of ecological, economical solutions for swimming pool heating and sanitizing and corrosive fluids heating and cooling.

3. Plaintiff Pace Research Ltd. d/b/a Circupool and Discount Salt Pool ("Pace"), having a principal place of business in Texas, is a reseller of certain Magen products.

4. Defendant Hayward is a company having a principal place of business at 620 Division Street, Elizabeth, New Jersey.

5. Defendant claims to be the owner of US Patent No. 10,156,081 entitled "Chlorinators and Replaceable Cell Cartridges Therefor." ("the '081 patent").

## BACKGROUND FACTS

6. On or about November 20, 2023 Hayward filed an "Amazon Patent Evaluation Express Agreement Notice "APEX Notice" with Amazon, alleging that at least two products being sold on Amazon under Amazon Standard Identification Numbers B07PVL1R25 B07PXKYWX5 (collectively, the "Accused Products") infringed claim 11 of the '081 patent.

7. Amazon subsequently identified Pace Research Ltd ("Pace") as the seller of such products and provided Pace with notice of the APEX Notice.

8. Pace is a downstream reseller of the Accused Products, and referred the Apex Notice to Magen, which is the ultimate supplier of the Accused Products.

9. The Amazon APEX program allows the Amazon seller of the Accused Products to pay a fee and submit non-infringement arguments only, but Amazon will

not consider invalidity or any other defenses to alleged patent infringement. (Ex. A).

10. If, after considering the seller's noninfringement arguments, Amazon determines that the infringement claim is likely to succeed, it will remove the products at issue and no longer allow them to be sold on Amazon, unless and until a court rules otherwise. (Ex. A).

11. In addition, if the Amazon seller of the allegedly infringing products does not wish to participate in the APEX program, Amazon will remove the products by default.

12. Finally, the seller may choose to resolve the matter through formal litigation. Thus, if infringement litigation is already pending or is filed in response to the APEX Notice, including a declaratory judgment action, Amazon will allow the products to remain for sale on Amazon until the litigation is resolved, and presumably remove the products only if the patent owner prevails.

13. Amazon is a source of significant sales of the Accused Products by resellers of such products.

14. The APEX Notice provides that the Accused Products will be taken off of Amazon unless one of the above-described actions is taken withing 21 days of the Notice, which was sent on November 20, 2023.

15. Magen, as the ultimate source and supplier of the Accused Products to Pace, is the real party in interest with respect to Hayward's patent claims against the Accused Products, and stands to lose significant revenue, and sustain significant damage to its customer and reseller relationships, if the matter is not promptly resolved.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 282, 283, and 285, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

17. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because, as outlined above, Hayward has sought to prevent resellers of Magen's Accused Products from selling them.

18. Based upon at least the foregoing, there is an actual and judiciable dispute between Magen and Hayward concerning infringement, validity and enforceability of the '081 Patent.

19. This Court has personal jurisdiction over Hayward because Hayward has a principle place of business in this District from which it regularly conducts its business.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b) for the same reason.

## COUNT I – Declaratory Judgment of Invalidity and Non-Infringement of the '081 Patent

21. Magen incorporates herein by reference all preceding paragraphs as if set forth herein in full.

22. The claims of the '081 patent are invalid under one or more sections of 35 U.S.C. §§102, 103, and/or 112. Such claims are either anticipated or rendered obvious by, at least, the following prior art United States patents and patent publications, either alone or in combination: US Patent Nos. 8,603,331; 8,961,753; 6,391,167 and 4085028, US 8,920,615 and US Patent Publication Nos. 2006/0091002 and 2010/0250449.

23. In addition, one or more claim limitations of the claims in suit are not present, either literally or by equivalents, in the Accused Products, which instead include the prior art structure from which the patent applicant specifically distinguished the claims of the '081 patent.

24. As a result of the foregoing, and to avoid further imminent harm to its business and harassment of its customers with meritless infringement claims, Magen and Pace are entitled to a declaratory judgment that the Accused Products do not infringe any valid claim of the '081 patent.

## JURY TRIAL

25. Magen herein demands trial by jury on all Counts and defenses triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Magen respectfully requests judgment in its favor and against Hayward, as follows:

A. Declaring that the Accused Products do not infringe, induce infringement or contribute to the infringement of, either literally or by equivalents, any valid claim of any of the '081 Patent;

B. Declaring the claims of the '081 Patent invalid;

C. Declaring that this case is exceptional and awarding Magen its expenses, costs and attorneys' fees pursuant to 35 U.S.C. §285; and

D. Granting to Magen any other and further relief as the Court deems just, proper, or equitable.

Dated:  December 8, 2023

KAPLAN BREYER SCHWARZ, LLP

/s/Jeffrey I. Kaplan

Jeffrey I. Kaplan
197 State Route 18, Ste 3000
East Brunswick, NJ 08816
(732) 578-0103
jkaplan@kbsiplaw.com

Michael R. Gilman, Esq.
(*pro hac vice* to be filed)
600 Third Ave., 2nd Fl,
New York, NY 10016
(732) 578 - 0103
Mgilman@kbsiplaw.com

*Attorneys for Plaintiff Magen AB*